IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND U. BRANDT, | : | CIVIL ACTION NO. **4:CV-08-0677** |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BOROUGH OF PALMYRA, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

Plaintiff, Raymond U. Brandt, filed the instant civil rights action, pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, on April 11, 2008.[1]  (Doc. 1).  Plaintiff, who is proceeding *pro se*, paid the filing fee.  As noted, Plaintiff essentially complains about his April 11, 2006 arrest in Palmyra.  As Plaintiff recognizes, jurisdiction of this Court is found at 28 U.S.C. §§ 1331 and 1343(a).  (*Id.*, pp. 2-3).  Plaintiff filed an amended cover page to his Complaint on April 11, 2008, which was incorrectly docketed by the Clerk of Court as an Amended Complaint.  (Doc. 3).  Since Doc. 3 is only a one-page cover sheet to his original Complaint, we refer to Plaintiff's Complaint herein as Doc. 1.

Plaintiff names as Defendants (5) the following:

Borough of Palmyra Council Police Department, in its official capacity as the Borough of Palmyra;

---

[1]Plaintiff, a resident of the Borough of Palmyra, Pennsylvania, is complaining, in part, about his April 11, 2006 arrest in Palmyra. Since Plaintiff and Defendants are located in the Middle District of Pennsylvania, and complaining about events that occurred in this District, venue is proper with this Court.

Stanley J. Jasinski, Jr., individually and in his official capacity as Chief of the Borough of Palmyra Police Department;

James B. Hunt, Badge # 55, individually and in his official capacity as Lieutenant of the Borough of Palmyra Police Department;

Peter J. Matthews, Badge # 66, individually and in his official capacity as Officer of the Borough of Palmyra Police Department; and

David C. Williams, individually and in his official capacity as Captain of the Borough of Palmyra Fire Station.

(Doc. 1, pp. 3-4).

The five Defendants were served with the Complaint and Summons on July 17, 2008. (Doc. 6). Defendant Williams is represented by his own counsel, and Defendants Palmyra, Jasinski, Hunt and Matthews are jointly represented by the same counsel. After being granted an extension of time, Defendant Williams filed a Rule 12(b)(6) Motion to Dismiss the Complaint, in its entirety, as against him, along with a support Brief on July 28, 2008. (Docs. 13 and 14). On August 11, 2008, Defendants Palmyra, Jasinski, Hunt and Matthews ("Defendants") jointly filed a Motion to Dismiss the Complaint as against them pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Palmyra, Jasinski, Hunt and Matthews filed their support Brief on August 25, 2008. (Doc. 18). Plaintiff was granted extensions of time to respond to both Motions to Dismiss, and he filed his opposition Briefs and responses to both stated Motions. (Docs. 23-26 and 30). Defendant Williams filed a Reply Brief in support of his Motion on October 28, 2008. (Doc. 28).

The two Motions to Dismiss of Defendants are ripe for disposition. Defendant Williams's Motion (Doc. 13) was the subject of a recent Report and Recommendation. (Doc. 31). The present Report and Recommendation will be issued with respect to the pending Motion to Dismiss of

Defendants Palmyra, Jasinski, Hunt and Matthews.  **(Doc. 15)**.[2]

## II. Motion to Dismiss Standard.

The Court in *O'Connell v. Sobina*, 2008 WL 144199, *2 (W.D. Pa.), set forth the new standard to dismiss, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, 127 S. Ct. 1955 (2007), as follows:

> As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, [550] U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papas an v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id* at 1974.

*See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 588 (M.D. Pa. 2008).

---

[2]The undersigned has been assigned this case for purposes of pre-trial matters.

### III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).[3]

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

---

[3] Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[4]

## IV.  Allegations of Plaintiff's Complaint.

Plaintiff alleges that Defendant Williams was the Captain with Palmyra Fire Department on April 11, 2006, when a fire at Plaintiff's residence began.  Plaintiff avers that he called the Fire Department, and that Defendant Captain Williams arrived within minutes since he was in walking distance from the fire.  Plaintiff states that Defendant Williams saw him standing in a stairwell and spraying water on his residence with a water hose.  Plaintiff avers that Defendant Williams claimed that he tried to make contact with Plaintiff while he was yelling at Plaintiff to stop spraying water onto the fire with the hose.  Plaintiff states that he continued to spray the water from the hose to extinguish the fire on his own, and that Defendant Palmyra Police Officer ("PO") Matthews assaulted him "by throwing him to the ground kicking him, shoving him and punching him causing the Plaintiff to sustain multiple fractures ...  ." Plaintiff states that Defendant PO Matthews caused serious injury to him and that Defendant Matthews  "unlawfully assaulted the Plaintiff ... for no other reason other than because [Plaintiff] didn't stop hosing water onto the fire at his place of

---

[4]Plaintiff repeatedly states that "Defendants are liable for the actions of Defendants Matthews, Hunt, Jasinski under the principle of 'respondeat superior'". (Doc. 1, pp. 13, 15 & 16).  As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior.   See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the §1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

residence." (Doc. 1, pp. 6-8).[5]

Plaintiff avers that at no time did he act or speak in an aggressive or threatening manner to Defendants, and that he did not attempt to interfere with or obstruct Defendants' police activities. Plaintiff alleges that Defendants could not have reasonably believed that they were at risk of physical harm from him, and that Defendants did not intervene to prevent the alleged assault on him by Defendant Matthews.

Plaintiff states that on April 11, 2006, Defendant Matthews unlawfully charged him with disorderly conduct and obstructing emergency services, and that the charges were bound over, seemingly after a preliminary hearing, for trial in Lebanon County Court of Common Pleas. Plaintiff avers that at trial he was found not guilty of both charges filed against him by Defendant Matthews. (*Id.*, pp. 8-9).

In his Count I, specifically titled as asserted only against Defendant PO Matthews, Plaintiff claims that Defendant Matthews used excessive force against him on April 11, 2006, in violation of his Fourth Amendment rights. (Doc. 1, p. 10). Plaintiff also asserts several other claims against all of the Defendants in his Count I, notwithstanding its caption as being an excessive force claim only against Defendant Matthews. Specifically, Plaintiff avers that Defendants Matthews, Hunt, Jasinski and Williams violated his constitutional rights by: depriving him of his liberty; intentionally,

---

[5]The extent of Plaintiff's alleged injuries caused by the April 11, 2006 incident with Defendant Matthews are detailed in ¶ 30. of Plaintiff's Complaint, Doc. 1. We do not repeat them herein.

recklessly or negligently[6] using force against him that was not required; intentionally, recklessly or negligently causing him physical and psychological injuries; intentionally, recklessly or negligently condoning, ratifying and participating in the use of excessive force; intentionally, recklessly or negligently giving false versions of the facts about his beating and arrest, including facts relating to the probable cause to arrest, and subjecting Plaintiff to false arrest and malicious prosecution; intentionally, recklessly or negligently conspiring to cover up the facts about his arrest and beating; and breaching their affirmative duty to prevent each other from violating Plaintiff's constitutional rights. (*Id.*, pp. 10–12).

In Count I, Plaintiff also states specific allegations as against Defendant Palmyra Borough, including the Borough's Council and Police Department[7], Defendant Matthews, and Defendant Jasinski. (*Id.*, pp. 12-16). Plaintiff alleges that Defendant Palmyra Borough failed to train, supervise and discipline Defendants Hunt, Matthew and Jasinski, which caused his false arrest and malicious prosecution, that Defendant Palmyra Borough approved and acquiesced in his abuse, and that Defendant Palmyra Borough conspired and covered up or condoned the cover up of the facts about his false arrest and malicious prosecution. (*Id.*, pp. 13-14). Plaintiff avers that Defendant Palmyra Borough had customs, polices and practices of negligently and inadequately hiring, training, supervising and retaining police officers. (*Id.*, p. 15). Plaintiff also avers that Defendant

---

[6]Negligence is not a basis for a § 1983 action. It is well-settled that mere negligence is not an actionable §1983 claim. *See Davidsen v. O'Lone,* 752 F.2d 817 (3d Cir. 1984); *Daniels v. Williams*, 474 U.S. 327 (1986).

[7]As a Defendant herein, Plaintiff only names Palmyra Borough and thus, we jointly consider the claims against the Borough's Council and Police Department. (Doc. 1, p. 4).

Palmyra Borough had customs, polices and practices that discourage citizen allegations of police abuse and encourage "official lawlessness" among its police officers.  (*Id.*, pp. 15-16).

Plaintiff alleges that Defendant Matthews failed to inform him of his *Miranda* rights, which caused a "prolongation of the malicious prosecution."  (*Id.*, p. 14).  Plaintiff alleges that Defendant Chief Jasinski had a custom, policy and practice of negligently and inadequately hiring, training, supervising and retaining police officers, particularly Defendant Matthews.  (*Id.*, p. 16).

In Count II, which is seemingly against all Defendants, Plaintiff claims that "Defendants" violated his First Amendment right to access to the courts "by fabricating malicious evidence and testimony for use against him," and that "Defendants conspired to deter Plaintiff from brining any claims against the Defendants for the violation of Plaintiff's rights and for injuries."  Plaintiff also avers that Defendants violated his First Amendment rights "by filing baseless criminal charges and then testifying falsely and maliciously against the Plaintiff."  (*Id.*, p. 18).

Finally, in Count III, Plaintiff asserts a Fourth Amendment malicious prosecution claim against "Defendants," and he avers that "Defendants brought charges against Plaintiff alleging a criminal offense arising out of the April 11, 2006 incident, despite the fact that there was no probable cause upon which Plaintiff should be charged with any crime."  (*Id.*, p. 19).

Plaintiff sues all individual Defendants in both their individual (personal) and official capacities. (Doc. 1, p. 4).  As relief, Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights, injunctive relief, as well as nominal, compensatory and punitive damages,

and costs and attorney's fees under 42 U.S.C. § 1988.[8]  (Doc. 1, pp. 16-17).  As we stated in our prior R&R (Doc. 31), to the extent that Plaintiff is seeking monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).[9]

Additionally, Plaintiff's claims as against Defendant Palmyra appear to  brought pursuant to *Monell v. New York Dept. Of Social Servs*., 436 U.S. 658 (1978).[10]  Thus, as Defendants point out (Doc. 18, p. 20), Plaintiff incorrectly seeks punitive damages as against Defendant Palmyra and as against the individual Defendants in their official capacities.  (Doc. 1, pp. 12-16).  Plaintiff can only seek punitive damages as against the four individual Defendants in their individual or personal capacities.  *See Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983).  Therefore, we will recommend that to the extent Plaintiff seeks punitive damages against Defendant Palmyra and against the individual Defendants in their official capacities, this claim for relief be dismissed.

In all three Counts, Plaintiff also requests damages for pain and suffering, and emotional distress.

---

[8]As noted in our previous R&R, since Plaintiff is proceeding *pro se,* his claims for attorney's fees under § 1988 may be precluded.

[9]Plaintiff cannot sue Defendants in their official capacities for monetary damages since this request is barred by the Eleventh Amendment.  The Eleventh Amendment does not bar a suit against a state official in his personal capacity.  *See Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir.) (Non-Precedential).

[10]*See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).

## V. Discussion.

In addition to the constitutional claims raised by Plaintiff, we also find that Plaintiff has generally asserted four (4) supplemental state law tort claims in his Complaint, namely state law claims for assault and battery, malicious prosecution, false arrest, and for intentional infliction of emotional distress ("IIED"). (Doc. 1, p. 2 and p. 9, ¶32.). Defendants address the state law claims of Plaintiff in their Brief at Doc. 18, pp. 18-20. We find that, for the most part, Plaintiff's claims are United States Constitutional claims based on § 1983, § 1985(3) and § 1986. (Doc. 1, pp. 9-19). In fact, in the Statement of Claim and in the three Counts of the Complaint, Plaintiff only references violations of his United States Constitutional rights under § 1983. (Doc. 1, pp. 9-19). Plaintiff's Counts do not reference any state law claims. However, in his detailed and specific statement of this Court's jurisdictional bases with respect to his claims, Plaintiff does reference the supplemental jurisdiction of this Court and states that it is "invoked as to matters cognizable under the Constitution and laws of the [S]tate of Pennsylvania." As stated, we find that Plaintiff has only asserted this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over pendent state law claims for assault and battery, malicious prosecution, false arrest, and for IIED. (*Id.*, pp. 2-3 and p. 9, ¶32.).

Defendants also state that Plaintiff's claims, if any, for violation of the Pennsylvania Constitution, should be dismissed. We agree with this portion of Defendants' Brief (Doc. 18, pp. 13-14), but for slightly different reasons.

In *Bowers v. City of Phila.*, 2008 WL 5210256, *8 (E. D. Pa.), the Court recently stated:

> "To date, neither Pennsylvania statutory a authority nor appellate case
> law has authorized the award of monetary damages for a violation of the

Pennsylvania Constitution." *Dillon v. Homeowner's Select*, 957 A.2d 772, 780 n. 11 (Pa. Super. Ct. 2008) (*quoting Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006), *appeal denied*, 589 Pa. 741, 909 A.2d 1291 (Pa. 2006)). Accordingly, we agree with Defendants' undisputed assertion that Plaintiff's claims for damages under the Pennsylvania Constitution fail as a matter of law. *See Stockham Interests, LLC v. Borough of Morrisville*, No. 08-3431, 2008 WL 4889023, at * 10 (E.D. Pa. Nov. 12, 2008) (holding that "there is no private cause of action for damages arising from violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution") (citations omitted); *Alvarez v. City of Phila.*, No. 07-0493, 2008 WL 4347529, at * 13 (E.D. Pa. Sept. 23, 2008) (granting summary judgment in favor of defendant since "Pennsylvania does not recognize a private right of action for monetary damages for violation fo the Pennsylvania Constitution"); *Douris v. Schweiker*, 229 F.Supp.2d 391, 405 (E.D. Pa. 2002) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action for damages is available under the Pennsylvania Constitution); *Kelleher v. City of Reading*, No. 01-3386, 2001 WL 1132401, at * 3 (E.D. Pa. Sept. 24, 2001) (noting that "the federal courts in this Circuit . . . have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution," and citing cases); *Pendrell v. Chatham Coll.*, 386 F.Supp. 341, 344 (W.D. Pa. 1974) (rejecting Pennsylvania constitutional claim for damages and noting that plaintiff could cite no authority that implies such a cause of action).

Thus, any claim for damages that Plaintiff is deemed as making under the Pennsylvania Constitution should be dismissed as a matter of law. *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327 and note 13 (M.D. Pa.)("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(Citations omitted).

We shall now discuss the merits of the Motion to Dismiss of Defendants Borough of Palmyra, Matthews, Hunt and Jasinski.

At the outset, we incorporate by reference our recommendations made in our recently filed R&R addressing the Motion to Dismiss of Defendant Williams which we found applicable to all Defendants, namely that Plaintiff fails to state a First Amendment denial of access to courts claim against all Defendants[11],  that Plaintiff fails to state a conspiracy claim against all Defendants, and, as the present Defendants point out (Doc. 18, p. 16), that the individual Defendants are entitled to absolute immunity with respect to any testimony they gave against Plaintiff in the state court proceedings related to the criminal charges Defendant Matthews filed against Plaintiff. (*See* Doc. 31).

We now address Defendants' arguments *seriatim*.[12]  Defendants state that Palmyra Borough Police Department is not an entity subject to suit in a civil rights action.  (Doc. 18, pp. 4-5). Initially, as stated, we find that Plaintiff has only named the Borough of Palmyra as a Defendant. (Doc. 1, p. 1 & pp. 3-4, ¶9. a.).  However, in Count I of the Complaint, Plaintiff states specific claims against Defendant Borough of Palmyra Council and Borough of Palmyra Police Department.

---

[11] Notwithstanding Plaintiff's allegation in his Count II, First Amendment Claim to Access the Courts, that "Defendants conspired to deter Plaintiff from bringing any claims against the Defendants for the violation of Plaintiff's rights and for injuries," as the present Defendants point out (Doc. 18, pp. 8-9), Plaintiff did not state that he suffered any actual injury to any court case, and his present action demonstrates that he was in fact able to bring a civil suit against Defendants and had a recourse against Defendants for the alleged violations of his constitutional rights.

[12] We note that in his two documents filed in opposition to Defendants' Motion to Dismiss, Docs. 25 and 26, Plaintiff, for the most part, simply repeats verbatim Defendants' argument stated in their Brief, Doc. 18, and then types "DENIED" and/or "DISPUTED" following the quoted argument re-typed from Defendants' Brief.   Plaintiff does not state any rational or legal authority in his opposition filings to Defendants' Motion.

(*Id.*, pp. 13-16).   In any event, we agree with Defendants that the Borough of Palmyra Police Department as well as the Borough of Palmyra Council, as subunits of city government, are not proper party Defendants in this civil rights action.  *See D'Altilio v. Dover Twp.*, 2007 WL 2845073, *3(M.D. Pa.)("Defendant municipal police department is redundant of Defendant borough because department was merely the vehicle through which the borough conducts its police activities."  "[A] Plaintiff cannot maintain a suit against both a local government and its constituent departments and agencies.")(citations omitted).   Thus, "[f]or purposes of assessing civil liability, a subunit of a local government is identical to the local government itself."  *Id.* (citations omitted).

Therefore, we find that the only proper governmental entity Defendant in this case is Palmyra Borough.  To the extent that Plaintiff is deemed as naming the Borough of Palmyra Police Department and  the Borough of Palmyra Council as Defendants herein, we will recommend that they be dismissed.  *See Benard v. Wash. Co.*, 465 F. Supp. 2d 461, 470 (W.D. Pa.  2006).

Second, Defendants argue that Plaintiffs' claims against the individually named Defendants in their official capacities must be dismissed since they are redundant with the Plaintiff's claims against Defendant Borough of Palmyra.  (Doc. 18, pp. 5-6).  We agree with Defendants.  *See D'Altilio v. Dover Twp.*, 2007 WL 2845073, *4 (M.D. Pa.)("A suit against a government official in his or her official capacity is synonymous with a claim against the government entity itself.")(citations omitted).  Thus, "[i]f a Plaintiff asserts claims against both a government entity and the entity's agents in their official capacities the court should dismiss the official-capacity suits." (Citations omitted).

Therefore, we will recommend that all of Plaintiff's claims against the individual

Defendants in their official capacities be dismissed.

Also, insofar as Plaintiff is deemed as raising an Eighth Amendment cruel and unusual punishment claim against Defendants with respect to the alleged excessive force used on him by Defendant Matthews, we concur with Defendants (Doc. 18, p. 8) that Plaintiff fails to state an Eighth Amendment claim as a matter or law.  Since Plaintiff alleges that Defendant Matthews arrested him, took him into custody, and filed two criminal charges against him, we find that his excessive force claim against Defendant Matthews is brought under the Fourth Amendment, and not under the Eighth Amendment.  *See Kokinda v. Breiner,* 557 F. Supp. 2d at 589.  Further, Plaintiff states that he was acquitted of both charges filed against him, and he does not claim to have been incarcerated with respect to the charges.

Thus, we recommend, to the extent Plaintiff is deemed as raising an Eighth Amendment cruel and unusual punishment claim against Defendants, that his Eighth Amendment claim be dismissed.

Next, Defendants contend that the Complaint fails to state that Plaintiff was deprived of any constitutional rights.  Defendants initially argue that there is no personal involvement stated in the Complaint regarding Defendants Police Chief Jasinski and Police Lieutenant Hunt with respect to Plaintiff's Fourth Amendment excessive force claim, his failure to intervene claim, his First Amendment denial of access to courts claim, and his Fourth Amendment false arrest claim and malicious prosecution claim.  (*Id.*, pp. 7-8).[13]

---

[13]Since we have previously recommended that Plaintiff's First Amendment denial of access to courts claim be dismissed as against all Defendants, we do not address this claim herein. Also, since we have previously recommended that Plaintiff's conspiracy claim, under

Defendants argue that Plaintiff's Complaint as against Chief Jasinski and Lt. Hunt should be dismissed since Plaintiff fails to state how they were personally involved in any of Plaintiff's claims.  (Doc. 18, p. 7).  As the *D'Altilio* Court stated:

> For a § 1983 claim to survive a motion to dismiss, a plaintiff must allege "that each and every defendant was personally involved in depriving him of his rights."  *Kirk v. Roan*, No. 04-1990, 2006 WL 2645154, at * 3 (M.D. Pa. Sept. 14, 2006); *see also Evancho*, 423 F.3d at 353 ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing."). A defendant's personal involvement in a constitutional violation may be established via allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990).

Defendants assert that "[t]he Complaint is utterly devoid of any factual allegation, which would implicate Chief Jasinski['s] or [Lt.] Hunt's participation in the conduct of which Plaintiff purportedly complains, that is presumably excessive force (Fourth Amendment), failure to intervene while he was being taken into custody (Fourteenth Amendment), any interference with his access to courts (First Amendment), or his alleged [malicious] prosecution (Fourth Amendment)."  (*Id*.).  Also, as Defendants further state, "there are no factual averments [in Plaintiff's Complaint] which demonstrate that Chief Jasinski or [Lt.] Hunt was present at the scene [of the fire at Plaintiff's residence] or during [Plaintiff's] arrest."  (*Id.*, p. 15).

---

§ 1983, § 1985(3) and § 1986, as against all Defendants be dismissed, we do not address this claim herein.  (*See* Doc. 31).  Suffice to say herein that we agree entirely with the present Defendants' arguments and rationale asserted in their Brief with respect to these two stated claims.  (Doc. 18, pp. 8-9 and pp. 9-13).

Since we have stated Plaintiff's allegations as against Defendants Chief Jasinski and Lt. Hunt above, we shall not repeat them.

Defendants Chief Jasinski and Lt. Hunt cannot be held responsible for the conduct of Defendant PO Matthews, who is only alleged to have been personally involved in the excessive force used on Plaintiff and in the filing of false charges and malicious prosecution of Plaintiff, since the law is well-settled that *respondeat superior* is not a basis to hold any supervisory official liable in a § 1983 action. *See Rode, supra.* As mentioned, Plaintiff can only establish the personal involvement of Defendants Chief Jasinski and Lt. Hunt, who seemingly were Defendant Matthews' supervisors and who were not on the scene and directly involved in any of Plaintiff's § 1983 claims, by alleging that Matthews was acting at their personal direction or that they had actual knowledge and acquiesced in the alleged constitutional violations by Defendant Matthews. *See D'Altilio*, 2007 WL 2845073, *4. Plaintiff does not allege the personal involvement of Defendants Chief Jasinski and Lt. Hunt with respect to any order to Defendant Matthews to use excessive force on him or with respect to ay order to falsely arrest him and maliciously prosecute him. Plaintiff does not state the personal involvement of Defendants Chief Jasinski and Lt. Hunt in either a ratification of or a participation in the alleged use of excessive force on him by Defendant Matthews. Nor does Plaintiff allege that Defendants Chief Jasinski and Lt. Hunt were personally involved in making a probable cause determination with respect to the two criminal charges Defendant Matthews filed against him. Further, Plaintiff does not allege that Defendants Chief Jasinski and Lt. Hunt personally gave false facts about the circumstances surrounding his alleged beating and arrest, especially since

16

he does not even state that these two supervisory Defendants were ever present at the April 11, 2006 fire scene.

We find that Plaintiff does not allege that Defendants Chief Jasinski and Lt. Hunt were personally involved in the alleged excessive force used on him, in his alleged unlawful arrest, and in his alleged malicious prosecution.  We agree with Defendants' argument that Plaintiff simply fails to state any cognizable constitutional claim against Chief Jasinski and Lt. Hunt in the detailed body of Plaintiff's 20-page typed Complaint.  In fact, Plaintiff admits in his Complaint he is only claiming that Defendants  Chief Jasinski and Lt. Hunt are liable for the actions of Defendant Matthews "under the principle of 'respondeat superior'."  (Doc. 1, p. 13 and p. 16).

As discussed, Plaintiff does not state how Defendants Chief Jasinski and Lt. Hunt were personally involved in approving and acquiescing in his alleged "abuse and arrest," and how these Defendants were personally involved in making a probable cause determination with respect to Plaintiff's arrest.  Further, there are no allegations that these two supervisory Defendants approved of the criminal charges Defendant Matthews filed against him or that they were involved in Plaintiff's arrest and in taking Plaintiff into custody.  Plaintiff does not state that these two Defendants participated at his preliminary hearing and at this trial.  Moreover, Plaintiff does not state that these two Defendants personally encouraged or directed or allowed Defendant Matthews to use excessive force on him, to falsely arrest him, and to maliciously prosecute him as a result of the April 11, 2006 incident.

We are well aware that the Court must use less stringent standards when considering the pleading of a *pro se* litigant, such as our Plaintiff, and that in a § 1983 civil rights action, the

Court must liberally construe the *pro se* litigant's pleading and apply the applicable law even if not referenced by name by the *pro se* litigant.[14]  *See Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002).  However, as stated above, Plaintiff must still allege sufficient facts in his pleading to state a claim that is "plausible on its face."  *Bell Atlantic  Corp.*, 127 S. Ct. At 1974.  We find that Plaintiff's specific allegations as against Defendants Chief Jasinski and Lt. Hunt  are not sufficient to state any claim against these supervisory police Defendants that meets that standard.

We find that Plaintiff's allegations of liability under § 1983 (Counts I-III) as against Defendants Chief Jasinski and Lt. Hunt fail to state a cognizable claim against them.  As stated above, *respondeat superior* is not a basis to hold a Defendant liable in a § 1983 action.  The law is clear that *respondeat superior* is not an acceptable basis to hold prison officials liable in a § 1983 action.  *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003).  Rather, Plaintiff must allege the personal involvement of each Defendant with respect to the violation of his constitutional rights.  *Rode, supra; O'Connell* v. *Sobina*, 2008 WL 144199, * 21 (W.D. Pa.).

In *O'Connell*, 2008 WL 144199, * 21, the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions.  *Rode*, 845 F.2d at 1207.  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  *Id.  See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or

---

[14]As indicated above, our Plaintiff does reference the applicable constitutional rights in his claims contained in his Complaint.

3) that the supervising official had knowledge of and acquiesced in
a subordinate's violations. *See Robinson v. City of Pittsburgh*,
120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d
1186, 1190-91 (3d Cir. 1995).

Based on the allegations in Plaintiff's Complaint, supervisory Defendants Chief Jasinski and Lt. Hunt are not alleged to have been personally involved in the use of excessive force by Defendant PO Matthews.  Defendants Chief Jasinski and Lt. Hunt are not stated to have personally failed to intervene on Plaintiff's behalf to stop the alleged assault on Plaintiff by Defendant Matthews.  In fact, Plaintiff does not even state that Defendants Chief Jasinski and Lt. Hunt were present on April 11, 2006, at the fire scene and that they saw the alleged assault on him by Defendant Matthews.  Thus, there is simply no showing that  Defendants Chief Jasinski and Lt. Hunt  had a reasonable and realistic  opportunity to intervene to stop the alleged assault. *See Ali v. McAnany*, 262 Fed. Appx. 443, 446 (3d Cir. 2008)(duty of an officer to intervene "only arises where an officer is presented with a 'reasonable and realistic opportunity to intervene.'")(citing *Smith v. Mensinger*, 293 F. 3d 641, 650 (3d Cir. 2002).  Plaintiff Brandt has not plead any facts that Defendants Chief Jasinski and Lt. Hunt  witnessed the alleged assault on him by Defendant Matthews, that they had reason to know that Matthews was using excessive force on him, and that they could have reasonably prevented the alleged injuries to him by intervening.

Further, Plaintiff does not allege that  Defendants Chief Jasinski and Lt. Hunt had any personal involvement in the filing of the alleged false criminal charges against him by Defendant Matthews, and Plaintiff does not allege that Defendants Chief Jasinski and Lt. Hunt were personally involved in any agreement with Defendant Matthews or any other Defendant to

19

cover up any facts about the alleged assault and arrest by Defendant Matthews, especially since they are not even alleged to have been present at the time.

Further, we concur with Defendants that Plaintiff has failed to state a Fourth Amendment false arrest claim and a Fourth Amendment malicious prosecution claim against Defendants Chief Jasinski and Lt. Hunt.  We also find that Plaintiff has not stated state law claims for false arrest and malicious prosecution as against Defendants Chief Jasinski and Lt. Hunt.  Since we find no viable claims stated as against Defendants Chief Jasinski and Lt. Hunt, we will recommend that Defendants' Motion to Dismiss (Doc. 15) be granted with respect to Chief Jasinski and Lt. Hunt, and that they be dismissed entirely from this action.

We find that Plaintiff has stated a cognizable Fourth Amendment excessive force claim as well as a state law assault and battery claim, a state law malicious prosecution claim, and a state law IIED claim against Defendant PO Matthews.  We find that Plaintiff has stated a *Monell* municipal liability claim against Defendant Borough of Palmyra regarding only his Fourth Amendment excessive force claim.  We will recommend that Defendants' Motion to Dismiss (Doc. 15) be denied with respect to the stated constitutional claim and state law claims against Defendant Matthews and with respect to the Fourth Amendment excessive force claim under *Monell* against Defendant Borough of Palmyra.

Plaintiff admits that in Count I he alleges a claim for excessive force under the Fourth Amendment against Defendant Matthews.  (Doc. 25, p. 3 and Doc. 26, p. 3).  Since Plaintiff alleges that Defendant Matthews beat him for no reason, arrested him, and filed two criminal charges against him, we find that his excessive force claim against Defendant Matthews is

brought under the Fourth Amendment.  *See Kokinda v. Breiner,* 557 F. Supp. 2d at 589.

Plaintiff's § 1983 false arrest and malicious prosecution claims are also under the Fourth

Amendment.  *Id.*

The Court in *Johnson v. Knorr*, 477 F. 3d 75, 82 (3d Cir. 2007), stated that "[m]alicious

prosecution differs from false arrest inasmuch as '[a] claim for false arrest, unlike a claim for

malicious prosecution, covers damages only for the time of detention until the issuance of

process or arraignment, and not more.' (citations omitted).  Unlike a claim for false arrest, a

malicious prosecution claim allows for "damages for confinement imposed pursuant to legal

process."  *Id.* (citation omitted).

In our case, Plaintiff seeks damages for the alleged violations of his Fourth Amendment

rights, and he alleges that only Defendant Matthews was personally involved in his arrest, in the

filing of criminal charges against him, and in his prosecution for the charges.  As discussed,

Plaintiff does not allege that Defendants Chief Jasinski and Lt. Hunt were personally involved in

either arresting him or in detaining him.  Plaintiff does not allege that Defendants Chief Jasinski

and Lt. Hunt were involved with his seizure after his arrest, and he does not allege that these

Defendants were involved with making a probable cause determination and with the filing of

the alleged false charges against him.  Additionally, Plaintiff does not allege that Defendants

Chief Jasinski and Lt. Hunt were involved in any way with his prosecution with respect to the

two criminal charges filed against him by Defendant Matthews.

Thus, Plaintiff fails to state any personal involvement of  Defendants Chief Jasinski and Lt.

Hunt with respect to his claims under § 1983 that he was subject to excessive force by a police

officer, that he was unreasonably seized without probable cause, that he was falsely arrested, and that he was maliciously prosecuted.  Plaintiff also fails to state that Defendants Chief Jasinski and Lt. Hunt personally enacted any policy, custom or practice that involved the hiring, training, supervising and retaining of police officers in Palmyra, and that they personally ratified and acquiesced in the use of excessive force, malicious prosecution, and in the false arrest of residents of Palmyra by the police officers of Palmyra.

Further, Plaintiff does not state that Defendant Matthews ever detained him or took him into custody after the April 11, 2006 incident at the fire scene where Plaintiff's residence was located.  As the *Johnson* Court noted that "[t]he deprivation of liberty requirement is applicable where the malicious prosecution claim is under the Fourth Amendment, and that "the Plaintiff 'must show some deprivation of liberty consistent with the concept of 'seizure.'" *Id.*, n. 8 and n. 14.

As the Third Circuit indicated in *Backof v. New Jersey State Police*, 2004 WL 260779 *3 (3d Cir. 2004)  and *Johnson* that with respect to the elements of a § 1983 malicious prosecution claim based on the Fourth Amendment, the following are the requisite elements of a § 1983 malicious prosecution claim:

> At a minimum, a plaintiff must allege (1) deprivation of liberty
> (or perhaps some other constitutional right [FN6]) separate
> from substantive due process, *Albright v. Oliver*, 510 U.S. 266,
> 271 n. 4, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); (2) an absence
> of probable cause for initiation of the criminal proceedings,
> *Montgomery v. DeSimone*, 159 F.3d 120, 124 (1998); and
> (3) termination or reversal of criminal proceedings by reason of
> the plaintiff's innocence, [FN7] *Heck v. Humphrey,* 512 U.S. at 484;
> *Smith*, 87 F.3d at 110.

22

> Following the Supreme Court's 1994 decision in *Albright*, we
> concluded that "prosecution without probable cause is not, in
> and of itself, a constitutional tort.  Instead, the constitutional
> violation is the deprivation of liberty accompanying the
> prosecution.  Thus . . .  a plaintiff asserting a malicious
> prosecution claim must show some deprivation of liberty
> consistent with the concept of seizure."  *Gallo v. City of
> Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (internal
> quotations and citations omitted).

*Backof v. New Jersey State Police*, 2004 WL 260779 *3 (3d Cir. 2004); *Johnson v. Knorr*, 477  F.

3d 75, 82 (3d Cir. 2007); *Kokinda*, 557 F. Supp. 2d at 590-91.[15]

As the Third Circuit sated in *Pardue v. Gray*, 136 Fed. Appx. 529 (3d Cir. 2005), C.A. No.

04-2784, 3d Cir., June 27, 2005 (Non-Precedential), slip op. pp. 4-5, "[i]n order to prevail on a

§ 1983 malicious prosecution claim, the Plaintiff must show an absence of probable cause for

initiating the criminal proceedings."[16]  Defendants state that since Plaintiff admits (Doc. 1, p. 9,

---

[15]The  *Backof* Court noted that the Plaintiff must demonstrate that he/she is actually
innocent of the charged crime.  *Backof*, 2004 WL 260779 *3**,** n. 7.  Here, as noted, Plaintiff
Brandt has stated this element in his Complaint. (Doc. 1, p. 9, ¶ 31.).  *See Lopez v. Maczko*,
2007 WL 2461709, *3, n. 6 (E.D. Pa. 2007).

[16]We note that to succeed on a § 1983 false arrest claim, as the Court in *Cummings v.
City of Phila.*, 137 Fed. Appx. 504, 506 (3d Cir. 2005), stated:

> To succeed on a § 1983 claim for a Fourth Amendment violation
> due to a false arrest, plaintiff must prove that (1) the officer
> "knowingly and deliberately, or with a reckless disregard for
> the truth, made false statements or omissions that create a
> falsehood in applying for a warrant;" and (2) that "such
> statements or omissions are material, or necessary, to the
> finding of probable cause."  *Wilson v. Russo*, 212 F.3d 781,
> 786-87 (3d Cir. 2000) (internal quotation marks and
> citations omitted); *see also Franks v. Delaware*, 438 U.S. 154,
> 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  Omissions are made
> with reckless disregard "if an officer withholds a fact in his

¶ 31.) that the charges (*i.e.* disorderly conduct and interference with emergency services) against him filed by Defendant Matthews were bound over to the Lebanon County Court of Common Pleas for trial, "there necessarily was determination that probable cause existed."  (Doc. 18, p. 9).   We agree with Defendants that for purposes of Plaintiff's preliminary hearing with respect to the charges filed against him by Defendant Matthews, there was necessarily a finding that crimes were probably committed and that Plaintiff was the person who probably committed them.   However, we are more convinced that Plaintiff has failed to state a cognizable § 1983 malicious prosecution claim against all Defendants since he has not stated another required element of such a claim, namely, that "as a consequence of [the criminal proceeding initiated against him by Defendant Matthews], [he] suffered a deprivation of liberty consistent with the concept of seizure." *Kokinda*, 557 F. Supp. 2d at 591(citation omitted).  It only appears from Plaintiff's own allegations that he was required to appear at his preliminary hearing and at his trial in Lebanon County with respect to the court proceedings which resulted from Defendant Matthews' charges against him.  As the *Kokinda* Court stated, "m]erely being required to appear at trial ... is not sufficient deprivation of liberty [to support a claim for malicious prosecution]."(citations omitted).  *Id*.  Similar to Plaintiff in *Kokinda*, Plaintiff Brandt does not

---

ken that any reasonable person would have known that this was the kind of thing the judge would wish to know."
*Wilson*, 212 F.3d at 788 (internal quotation marks and citations omitted).

allege a "'post-arrest seizure, ... including physical restraint and incarceration' occurred as a result of legal process ...'"    "[P]rosecution without probable cause is not, in and of itself, a constitutional tort.  Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution.  Thus ... a Plaintiff asserting a malicious prosecution claim must show some deprivation of liberty consistent with the concept of seizure." *Gallo v. City of Phila.*, 161 F. 3d 217, 222 (3d Cir. 1998) (internal citations and quotations omitted); *Brockington v. City of Phila.*, 354 F. Supp.2d 563, 568-69 (E.D. Pa. 2005); *Benard v. Wash. Co.*, 465 F. Supp. 2d 461, 469 (W.D. Pa.  2006)(citation omitted).

In a § 1983 malicious prosecution claim, Plaintiff must show that he  suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding, as we have indicated is a required element above.  As the *Benard* Court stated,, "a Fourth Amendment seizure did not occur in *DiBella [v. Borough of Beachwood*, 407 F. 3d 599, 603 (3d Cir. 2005)] where a Plaintiff was issued a summons, but was not arrested, did not post bail, was free to travel, did not have to report to pretrial services, and simply was required to attend trail." *Id.*(citation omitted).  Plaintiff Brandt only indicates that he was arrested, handcuffed (Doc. 1, p. 8, ¶ 30.) and had to attend court proceedings, *i.e.* his preliminary hearing and his trial. The Plaintiff in *Benard* also alleged that she was arrested and had to attend court proceedings, and that she was released on her own recognizance and required to notify the court if she changed her address.  Plaintiff Benard and Plaintiff Brandt both failed to allege in their pleadings "imposed restrictions which amount to a seizure." *Id*.   While Plaintiff Brandt avers that he received "deep bruises on his wrists from being handcuffed" and that his "wrists

were severely swollen," he does not allege a sufficient post-arrest seizure which occurred as a result of legal process.  He only briefly states that he received injuries to his wrists as a result of being handcuffed, seemingly during the incident with Defendant Matthews on April 11, 2006, at the scene of the fire.  (*Id*.).  Plaintiff simply does not allege that he was detained prior to or during his court proceedings.  Nor does Plaintiff allege (with respect to his false arrest claim) that he was detained at any time after the April 11, 2006 incident, until the issuance of process or arraignment.  Plaintiff obviously would not have been detained after his trial court proceeding since he avers that he was found not guilty of both charges.

As stated, Plaintiff Brandt does not state, in support of his § 1983 malicious prosecution claim against any of the Defendants, that they were personally involved in the seizure of his person after his arrest by Defendant Matthews, in violation of the Fourth Amendment.   (Doc. 1, p. 19).  Nor does Plaintiff alleged that after his arrest by Defendant Matthews, any restrictions were imposed on him which amounted to a seizure for purposes of the Fourth Amendment.[17]

Based on the above, particularly on the recent *Kokinda* case of this Court, we find that Plaintiff has not stated a Fourth Amendment malicious prosecution claim under § 1983 against any Defendant since he has not alleged that he suffered a deprivation of liberty.  Thus, we will

---

[17]Under Pennsylvania law, the offense of disorderly conduct is found at 18 Pa. C.S.A. §5503 and it is a "misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist.  Otherwise disorderly conduct is a summary offense." §5503(b).   Obstructing emergency services is found at  18 Pa. C.S.A. §5112 and provides, in part, that "[a] person commits a misdemeanor of the third degree if he knowingly impedes, obstructs, or interferes with emergency services personnel providing emergency ... firefighting activities." § 5112(a).

recommend that Defendants' Motion to Dismiss (Doc. 15) this claim be granted.  *See Benard, supra*.

We will recommend that Plaintiff's state law malicious prosecution claim against all individual Defendants, except for Defendant Matthews, be dismissed based on their lack of alleged personal involvement with Plaintiff's prosecution on the charges Matthews filed against him.  *See Benard*, 465 F. Supp. 2d at 470.   We will recommend that all of Plaintiff's state law claims, including his malicious prosecution claim as well as his assault and battery and IIED claims, against Defendant Borough of Palmyra be dismissed pursuant to the PA Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541.

As the *Benard* Court stated:

> "Under the Tort Claims Act, a local agency is exempt from its own acts or the acts of its employees that constitute "crimes, actual fraud, actual malice or willful misconduct."  42 Pa.C.S. § 8542(a)(2).  Since intentional torts, including malicious prosecution, constitute "willful misconduct," a local agency cannot be liable for such claims pursuant to the Tort Claims Act.  *Maloney v. City of Reading*, 2006 WL 305440, * 5 (E.D. Pa., Feb. 8, 2006), *aff'd*., 2006 WL 2986460 (3d.Cir., Oct. 19, 2006).  Thus, the malicious prosecution claim in Count V is dismissed as to the City of Washington."

*Id.*

However, we will recommend that Plaintiff's state law malicious prosecution claim against Defendant Matthews proceed. *Id.* ("the employee may be stripped of his immunity [under the Pennsylvania Tort Claims Act] when he engages in conduct that is found to constitute a 'crime, actual fraud or willful misconduct', such as malicious prosecution." (Citations omitted). As the *Benard* Court stated, "[s]ince the Plaintiff contends that [the corporal] knowingly filed the criminal complaint against her based on false evidence, false statements and in reckless

disregard of her rights ... [[the corporal] is not afforded immunity from the malicious prosecution claim ... ."  *Id.*  Plaintiff Brandt makes similar allegations as against Defendant Matthews, and this Defendant is not immune from Plaintiff's state law claims against him.

As the *Kokinda* Court stated with respect to Fourth Amendment false arrest claims under §1983:

> "A claim under § 1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. County of Bucks*, 155 F.Supp. 2d 259, 265 (E.D. Pa. 2001) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.*  "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*"  557 F.Supp.2d at 592.

Further, "a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved." *Id.* at 592(citations omitted).  "For an arrest to be justified, '[probable cause need only exist as to any offense that could be charged under the circumstances'." *Id.* at 592 (citations omitted).  "[A] claim for false arrest 'covers damages only for the time of detention until the issuance of process or arraignment, and not more' ... ." *Id.* at 591.

Plaintiff Brandt alleges that Defendant Matthews lacked probable cause to arrest him on April 11, 2006, and that he was acquitted of both charges (disorderly conduct and interference with emergency services) at trial.  However, as mentioned, Plaintiff has not stated that he was detained at any time after his arrest.  Based on Plaintiff's allegations and the above noted elements of the two state charges filed against him, especially the interference with emergency services charge, there appears to have been sufficient probable cause to arrest Plaintiff.  We find

that Plaintiff has not stated a § 1983 false arrest claim against Defendant Matthews, and that even if he did, he may not be able to recover any damages for such a claim since he does not state that he was ever detained and taken into custody.[18]

Plaintiff's own allegations (Doc. 1, pp. 6-7) indicate that there was a fire at his residence on April 11, 2006, that he attempted to put out the fire with a hose, that he was directed by Defendant Williams of the Fire Department to stop spraying the hose on the fire, and that he continued to use the hose to try and extinguish the fire as his own.  Plaintiff's allegations indicate that, since Plaintiff continued to use the hose on the fire and since Plaintiff did not listen to either Williams or Matthews to desist, Defendant Matthews allegedly assaulted Plaintiff to stop the spraying of water on the fire and charged Plaintiff with disorderly conduct and obstructing emergency services.  Plaintiff avers that "Defendant Matthews admitted during the trial that if Plaintiff didn't listen to him [to stop spraying water onto the fire with a hose] he was going to take the incident to the next level ... ."  (Doc. 1, p. 7, ¶ 27.).  Plaintiff also avers that Defendant Matthews assaulted him "for no other reason other than because [Plaintiff] didn't stop hosing water onto the fire at his place of residence." (*Id.*, pp. 7-8, ¶ 28.).  Plaintiff basically admits that he was ordered by both Defendant Williams and Defendant Matthews to stop spraying water from his hose on the fire and that he refused to do so.  Based on Plaintiff's own detailed allegations there appears to have been sufficient probable cause for Defendant

---

[18]To the extent that Plaintiff alleges that Defendant Matthews did not give him his *Miranda* rights following his arrest, we note that these rights apply when an arrestee is taken into custody and interrogation begins.  *See Burkholder v. Newton*, 116 Fed.Appx. 358 (3d Cir. 2004).

Matthews to have reasonably believed under the circumstances that Plaintiff was interfering with the emergency services regarding firefighting activities at his residence on April 11, 2006.  *See* 18 Pa. C.S.A. § 5112(a).

Moreover, Plaintiff indicates that the charges against him were bound over to the court for trial and that at trial, he was found not guilty of both charges.  As Defendants point out, since the charges against Plaintiff were bound over for court and trial, seemingly at a preliminary hearing before a Pennsylvania magisterial district judge, despite the subsequent not guilty finding at trial, there was some initial independent judicial finding that probable cause existed with respect to the two charges Defendant Matthews filed against Plaintiff.  "The purpose of a preliminary hearing [in Pennsylvania] is to avoid the incarceration or trial of a Defendant unless there is sufficient evidence to establish a crime was committed and the probability the Defendant could be connected with the crime."  *Com. v. Tyler*, 587 A.2d 326 (Pa. Super. 1991).

The independent judicial determination to which Plaintiff concedes found that there was a sufficient showing by Defendant Matthews (and the prosecution) of a *prima facie* case against Plaintiff with respect to both charges, and that there was a factual and legal basis for Plaintiff's arrest as a result of the April 11, 2006 incident since both charges against him were bound over to court for trial.  A *prima facie* case is when the evidence read in a light most favorable to the Commonwealth, "sufficiently established both the commission of a crime and that the accused is probably the perpetrator of that crime."  *Com. v. Hendricks*, –A. 2d —, 2007 WL 1732578 (Pa. Super. 2007).  Plaintiff's own allegations show that Defendant Matthews had sufficient probable cause that Plaintiff committed the obstructing with emergency services offense, and

the magisterial district judge found that there was sufficient evidence to allow both charges to go to the jury.

As the Court in *Kokinda*, 557 F. Supp. 2d at 593, stated, based on *Virginia v. Moore*, ___U.S.___, 128 S. Ct. 1598, 1607-08 (2008), "[w]hen officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest."

Therefore, we will recommend that Plaintiff's § 1983 false arrest claim be dismissed as against all Defendants since his allegations show that Defendant Matthews had probable cause to arrest Plaintiff, particularly for the obstructing emergency services charge, *i.e.* there was probable cause at the time of his arrest on April 11, 2006, that Plaintiff knowingly obstructed and interfered with the fire department emergency services at his residence during their performance of firefighting activities.

Plaintiff also seems to assert a state law claim for false arrest.  (Doc. 1, pp. 2 and 9).  In *Kokinda*, the Court stated:

> Although courts state that "[i]n Pennsylvania a false arrest is defined
> as 1) an arrest made without probable cause or 2) an arrest made by
> a person without privilege to do so," *Russoli v. Salisbury Twp.*, 126 F.Supp.2d
> 821, 869 (E.D. pa. 2000), the cases involving false arrest claims against
> police officers turn on the existence or nonexistence of probable cause.
> Plaintiff has neither explicitly argued  – nor put forth Pennsylvania
> authority to support an argument  – that an officer who makes a
> warrant less arrest for a "summary offense," based on probable cause,
> may nonetheless be a person "without privilege" to make such an arrest and
> that therefore the arrestee has a common law false arrest claim against
> that officer.  Indeed, "Pennsylvania state law false arrest claims and federal
> constitutional false arrest claims are co-extensive as to both elements of
> proof and elements of damages."  *Russoli v. Salisbury Twp.*, 126 F.Supp.2d
> 821, 869 (E.D. Pa. 2000).

557 F. Supp. 2d at 593-94.

Based on the above discussion concerning Plaintiff's Fourth Amendment false arrest claim under § 1983 and our finding that Plaintiff's allegation show that Defendant Matthews had probable cause to arrest Plaintiff on April 11, 2006, for his admitted refusal to stop spraying water from his hose onto the fire at his residence after being ordered to do so by Defendant Williams and Defendant Matthews, we will recommend that Plaintiff's state law false arrest claim be dismissed as against all Defendants.

As stated, we find that Plaintiff has stated a Fourth Amendment excessive force claim against Defendant Matthews and against Defendant Borough of Palmyra.

The standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure, is specified by the United States Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989).  Pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard.  (*Id*.).   As Plaintiff recognizes (Doc. 1, p. 9), his claim alleging that excessive force was utilized during his arrest by Defendant Matthews on April 11, 2006, falls under the Fourth Amendment, which protects against unreasonable seizures.  Thus, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable.  *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004).  A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away."  *Tennessee v.*

32

*Garner*, 471 U.S. 1, 7, 105 S. Ct. 1694 (1985).  In the present case, as discussed above, the

Plaintiff alleges that he continued to use the water hose on the fire after Defendant Williams

yelled at him to stop, and that Defendant Matthews then threw him to the ground, while

kicking him, shoving him and punching him which caused Plaintiff to suffer various serious

injuries. Plaintiff avers that he was not a threat to either fire personnel fighting the fire at his

residence or to police personnel, and that he simply continued spraying water on the fire after

being directed to stop.  Plaintiff avers that he was arrested by Defendant Matthews and seems to

indicate, although not specifically, that he was unreasonably seized.[19]

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004),[20] stated:

> An excessive force claim must be evaluated "from the perspective
> of a reasonable officer on the scene, rather than with the 20/20
> vision of hindsight" and "must embody the allowance for the
> fact that police officers are often forced to make split-second
> judgments -- in circumstances that are often tense, uncertain, and
> rapidly evolving -- about the amount of force that is necessary in
> a particular situation."  *Graham*, 490 U.S. at 396-97, 109 S. Ct. 1865.
> The inquiry turns on "objective reasonableness," meaning that the
> standard is whether the police officer's "actions [were] 'objectively
> reasonable' in light of the facts and circumstances" facing the
> officer, regardless of the officer's intent or motivation.  *Id.* at 397,
> 109 S. Ct. 1865.

In the context of a § 1983 claim, as we are presented with in this case, there is a three-

part test to be applied in determining the reasonableness of the force which was used.  The

---

[19]We have found for purposes of Plaintiff's Fourth Amendment malicious prosecution
claim under § 1983 that Plaintiff did not sufficiently aver that he suffered a deprivation of his
liberty consistent with the concept of seizure.

[20]*Rivas* is also found at 2004 WL 877645.

following factors are to be considered:

>    1.  "the severity of the crime at issue;"

>    2.  "whether the suspect poses an immediate threat to the safety of the officers or others;" and

>    3.  "whether [the arrestee] is actively resisting arrest or attempting to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S. Ct. at 1867.

>    The *Rivas* Court stated that:

>>    Additional factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The reasonableness of the use of force is normally an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999). While some courts "freeze the time frame" and consider only the facts and circumstances at the precise moment that excessive force is applied, other courts, including this one, have considered all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force. *See, e.g., Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198.

As we have discussed above, Plaintiff alleges that his behavior was not a threat to emergency personnel and that prior to and during the arrest at issue he was not resisting. The offenses Plaintiff was charged with were minor offenses, misdemeanors of the third degree or summary (with respect to the disorderly conduct charge). The allegations are that Plaintiff did not pose an immediate threat to the safety of the fire and police personnel at the fire scene. When viewed under the standard stated in *Bell Atlantic*, Plaintiff's allegations are sufficient to

state a claim under the Fourth Amendment that Defendant Matthews used excessive force on him during the Plaintiff's April 11, 2006 arrest.

We also find that Plaintiff has stated Pennsylvania state law claims for assault and battery as well as malicious prosecution against Defendant Matthews in his individual or personal capacity.  We find that any claim against Defendant Matthews in his official capacity for the common law torts of assault and battery, are essentially claims against Defendant Borough of Palmyra, and should be dismissed under the PA Tort Claims Act.  *See Kokinda*, 557 F. Supp. 2d at 594.

The *Kokinda* Court stated:

> "Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk*, 641 A.2d at 293.  Because police officers have authority to use "such force as is necessary under the circumstances" to make an arrest, it is "the reasonableness of the force used in making the arrest" that "determines whether the police officer's conduct constitutes an assault and battery." *Id.*

557 F. Supp. 2d at 594.

Plaintiff also asserts a state law claim against Defendants for intentional infliction of emotional distress.  (Doc. 1, p. 2, ¶ 2.).  Defendants argue that Plaintiff has failed to state an IIED claim against them, if it is found that Pennsylvania recognizes such a claim.   (Doc. 18, pp. 18-19).

The *Kokinda* Court stated:

> Although it is unsettled whether a tort for intentional infliction of emotional distress exists in Pennsylvania, Pennsylvania courts generally assume for purposes of analysis that the tort exists, and

proceed to hold that to survive a motion to dismiss, the allegations must "at a minimum" correspond with the provisions of the Restatement (Second) of Torts § 46(1), *Reardon v. Allegheny College*, 926 A.2d 477, 487 & n. 12 (Pa. Super. Ct. 2007). Those provisions are that (1) the conduct is extreme and outrageous; (2) it is intentional or reckless; (3) it causes emotional distress; (4) that distress is severe. Restatement (Second) of Torts § 46(1). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct. 1997). "It has not been enough that the defendant acted with intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Reardon*, 926 A.2d at 488 (quoting *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 753-54 (1998)). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Strickland*, 700 A.2d at 987.

In addition, to prevail on an intentional infliction of emotional distress claim, a plaintiff must provide competent medical evidence to prove the existence of emotional distress. *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988, 995 (1987); *see Hunger v. Grand Central Sanitation*, 447 Pa. Super. 575, 670 A.2d 173 (1996) (holding that, to prevail on intentional infliction of emotional distress claim, a plaintiff must prove that the defendant's conduct was extreme and outrageous and that the plaintiff suffered a medically confirmed injury).

557 F. Supp. 2d at 595.

As in *Kokinda*, we find that Plaintiff Brandt has sufficiently alleged that Defendant Matthews caused him serious physical injuries which required medical treatment, and that this conduct caused him to suffer pain, humiliation, embarrassment and emotional distress. Plaintiff also alleged that the actions of Defendant Matthews were "intentional, egregious and carried

out for cruel and vindicate reasons."  (Doc. 1, pp. 6, 8 and 16).

Thus, we find that Plaintiff has stated an IIED claim against Defendant Matthews in his individual or personal capacity.  We do not find an IIED claim is stated as against any other Defendant.

We find that Plaintiff has stated a municipal liability claim under *Monell* against the Borough of Palmyra with respect to only his Fourth Amendment excessive force claim. Plaintiff's other constitutional claims against Defendant Borough of Palmyra should all be dismissed since  he has not stated any other constitutional claims against the individual Defendants who were employed by the Borough.  *See Kokinda*, 557 F. Supp. 2d at 591("no *Monell* liability can attach to municipal Defendants if no individual officials have violated a Plaintiff's rights.")(citation omitted).[21]

As the *Kokinda* Court stated:

> A municipality cannot be held liable for the actions of its
> employees under § 1983 based upon *respondeat superior*.
> *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct.
> 2018, 56 L.Ed.2d 611 (1978).  However, "the government as an
> entity is responsible under § 1983" when it "caused" the Plaintiff's
> injury; that is, "when execution of a government's policy or custom,
> whether made by its lawmakers or by those whose edicts or acts
> may fairly be said to represent official policy, inflicts the injury."
> *Id.* at 694, 98 S.Ct. 2018.  Where, as here, Plaintiff alleges that
> the flawed policy is a failure to train, the municipality can be held
> liable when "'that failure amounts to "deliberate indifference . . .
> [to the constitutional rights of persons with whom the police come

---

[21]As discussed above, Defendant Borough of Palmyra and the four (4) individual Defendants in their official capacities are immune from liability with respect to all of Plaintiff's common law tort claims under the PA Tort Claims Act.  *See Kokinda*, 557 F. Supp. 2d at 594.

in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324
(3d Cir. 2005) (citations omitted).  There must also be a causal
nexus, in that the "'identified deficiency in [the] training program
must be closely related to the ultimate 'constitutional'' injury."
*Id*.  at 325 (citations omitted).

To survive a motion to dismiss, the plaintiff must "allege that a 'policy
or custom' of [the defendants] was the 'moving force' behind the
[constitutional] violation."  *Grayson v. May view State Hosp.*, 293 F.3d
103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v.
Brown*, 520 U.S. 397, 404, 117 S.ct. 1382, 137 L.Ed.2d 626 (1997)).
But, despite Defendants' arguments that Plaintiff has failed to allege
any specific policies that authorized the actions officers Brenner and Ohl
allegedly took, (Doc. 9, at 10; Doc. 11, at 6-8), there is no requirement
at the pleading stage for Plaintiff to identify a specific policy to survive
a motion to dismiss.  *Carter v. City of Philadelphia*, 181 F.3d 339, 358
(3d Cir. 1999).  This would be "unduly harsh" at this early juncture.
*Id*.

*Kokinda*, 557 F. Supp. 2d at 590-91.

While Defendants recognize the proper standard under which a municipality can be

held liable in a § 1983 action (Doc. 18, pp. 16-18), we disagree with their argument that

Plaintiff had failed to state any claim under *Monell* against Defendant Borough of Palmyra.

Rather, we find that Plaintiff has sufficiently stated a claim under *Monell* against Defendant

Borough of Palmyra only with respect to his Fourth Amendment excessive force claim.  We thus

agree with Defendants insofar as they argue that Plaintiff has not stated any other claim against

the Borough of Palmyra.  As in *Kokinda*, we find Plaintiff Brandt's allegations sufficiently state

that Defendant Borough of Palmyra caused Defendant Matthews' alleged use of excessive force

on him on April 11, 2006, by "having customs, policies, practices and procedures of negligently

and inadequately hiring, training, supervision and retaining police officers ... ," and that this

conduct "gave rise to the constitutional and statutory violations" alleged in the Complaint.

(Doc. 1, p. 12, ¶ 41. a.).  Plaintiff also avers that Defendant Borough of Palmyra "condoned, ratified, approved and/or otherwise acquiesced in the abuse of Plaintiff," and that it maintained an atmosphere in its police department which encouraged "official lawlessness" "the kind of which is directly responsible for the abuse ... of Plaintiff."  (*Id.*, p. 13, ¶ 41. e. and pp. 13-14, ¶ 42. a.-c.).

Therefore, we will recommend that Plaintiff's claim under *Monell* against Defendant Borough of Palmyra be allowed to proceed only with respect to his Fourth Amendment excessive force claim and that all other Plaintiff's claims against the Borough of Palmyra be dismissed.

As stated above and in our Doc. 31 R&R, we agree with the present Defendants (Doc. 18, p. 20) that Plaintiff cannot recover any punitive damages against Defendant Borough or against any individual Defendant in his official capacity.  *See Kokinda*, 557 F. Supp. 2d at 595. Thus, we will recommend that Plaintiff's claims for punitive damages as against Defendant Borough of Palmyra and the individual Defendants in their official capacities be dismissed.

Finally, we do not agree with Defendants that Plaintiff's request for declaratory relief should be dismissed under 28 U.S.C. §§ 2201, *et seq.*  (Doc. 18, pp. 20-21).  Plaintiff requests a declaratory judgment that Defendants violated his constitutional rights.  (Doc. 1, p. 17).

This Court in *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *8 (M.D. Pa.), stated:

> The Third Circuit Court of Appeals has also established a more
> refined test
>
>> to determine whether [courts] will engage in pre-enforcement
>> review in the context of a declaratory judgment action:
>> (1) the parties must have adverse legal interests; (2) the facts

> must be sufficiently concrete to allow for conclusive legal
> judgment, and (3) the judgment must be useful to the parties.

> *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006) (citing *Step-Saver Data
> Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990)).

> In order to determine if the first prong of this refined test is satisfied,
> "courts look to 'whether the claim involves uncertain and contingent
> events, or presents a real and substantial threat of harm.'" *Id.* at 527
> (quoting *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333,
> 342 n. 9 (3d Cir. 2001)).  Thus, a plaintiff need not "have suffered a
> completed harm in order to establish adversity of interest so long as there
> is a substantial threat of real harm that remains throughout the course of
> the litigation." *Id.* (citing *Presbytery of the Orthodox Presbyterian
> Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir. 1994)).

Plaintiff Brandt has alleged that he has suffered a completed real harm.

"[T]he second prong of the refined test identified by the Third Circuit Court of Appeals requires the Court 'to consider the fitness of the issue for adjudication to ensure that the declaratory judgment would in fact determine the parties' rights, as distinguished from an advisory opinion based on a hypothetical set of facts.' *Surrick*, 449 F.3d at 528." *Id.*

In our case, we disagree with Defendants and find that Plaintiff does not seek an advisory opinion.  Plaintiff alleges that his Fourth Amendment rights have been violated by Defendant Matthews and Defendant Borough of Palmyra.  His Complaint has stated real harm as a result of Defendant Matthews' alleged conduct.

"The third, and final, prong of the refined test identified by the Third Circuit Court of Appeals requires that the Court 'consider whether a declaratory judgment will affect the parties' plans of actions by alleviating legal uncertainty.' *Id.* at 529.  More specifically, this prong is satisfied if '[a] grant or denial of relief would, therefore, materially affect the parties and serve

the purpose of the Declaratory Judgment Act – 'clarifying legal relationships so that plaintiffs . . . [can] make responsible decisions about the future.' *Id.* (quoting *Step-Saver*, 912 F.2d at 649)." *Id.* at * 9.  This Court's decision as to whether Defendant Matthews and Defendant Borough of Palmyra violated Plaintiff's Fourth Amendment rights will determine any uncertainties concerning the constitutionality of their alleged conduct and will allow the Borough to determine if more extensive training and supervising of its police officers are required.

Thus, we find that Plaintiff's allegations have satisfied the three prongs of the test annunciated by the *Surrick* Court, and we will recommend that Defendants' Motion to Dismiss Plaintiff's claim for declaratory relief be denied.

As discussed, we shall recommend that all of Plaintiff's claims, both § 1983 claims and state law claims, against Defendants Jasinski and Hunt be dismissed since Plaintiff fails to state any claim based upon these supervisory Defendants' personal involvement in conduct amounting to a constitutional violation or a state law violation.  Therefore, we will recommend that Defendants' Motion to Dismiss (Doc. 15) be granted and that this case be dismissed in its entirety as to Defendants Jasinski and Hunt pursuant to Rule 12(b)(6).

Further, we will recommend that all of Plaintiff's claims, both § 1983 claims and state law claims, against  Defendant Matthews be dismissed except for his Fourth Amendment excessive force claim, his  state law malicious prosecution claim, his state law assault and battery claim, and his state law IIED claim.  We will recommend that all of Plaintiff's claims, both § 1983 claims and state law claims, against  Defendants Borough of Palmyra be dismissed except for his Fourth Amendment excessive force claim.  We recommend that Plaintiff's claim against

Defendant Borough of Palmyra proceed with respect to his Fourth Amendment excessive force claim since we have found a corresponding underlying constitutional claim stated as against Defendant Matthews.

Additionally, we will recommend that Plaintiff's claims for punitive damages be dismissed as against Defendant Borough of Palmyra and as against all individual Defendants in their official capacities, and that Plaintiff's claims for monetary damages as against all individual Defendants in their official capacities be dismissed.  In fact, we will recommend that all claims against the individual Defendants in their official capacities be dismissed.  Further, we will recommend that Plaintiff be permitted to proceed with his request for declaratory relief.

## VI.  Recommendation.

Based on the foregoing, we respectfully recommend that the Motion to Dismiss of Defendants Borough of Palmyra, Jasinski, Hunt and Matthews **(Doc. 15)** be granted in part and denied in part.  We recommend that this case be dismissed in its entirety as to supervisory Defendants Jasinski and Hunt pursuant to Rule 12(b)(6).  We recommend that all of Plaintiff's claims, both § 1983 claims and state law claims, against Defendant Matthews be dismissed except for his Fourth Amendment excessive force claim, and except for his state law malicious prosecution claim, his state law assault and battery claim, as well as his state law IIED claim.  We recommend that all of Plaintiff's claims, both § 1983 claims and state law claims, against Defendants Borough of Palmyra be dismissed except for his Fourth Amendment excessive force claim.   We recommend that, to the extent that Plaintiff is deemed as naming Borough of Palmyra Police Department and Council as Defendants, they be dismissed.

Additionally, we recommend that Plaintiff's claims for punitive damages be dismissed as against Defendant Borough of Palmyra and as against all individual (4) Defendants in their official capacities, and that Plaintiff's claims for monetary damages as against all individual (4) Defendants in their official capacities be dismissed.  Thus, we recommend that all claims against the individual (4) Defendants in their official capacities be dismissed.

Moreover, we recommend that Plaintiff be permitted to proceed with his request for declaratory relief.

Finally, we recommend that this case be recommitted to the undersigned for further proceedings as against only Defendants Borough of Palmyra and Matthews  consistent with this Report and Recommendation.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 5, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND U. BRANDT,          :          CIVIL ACTION NO. **4:CV-08-0677**
                            :
          Plaintiff         :          (Judge Jones)
                            :
          v.                :          (Magistrate Judge Blewitt)
                            :
BOROUGH OF PALMYRA, et al., :
                            :
          Defendants        :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 5, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to
Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *Defendant novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where

4 4

required by law, and may consider the record developed
before the magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


_____ s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: March 5, 2009**