IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND U. BRANDT, | : | No. 4:08-CV-677 |
| | : | |
| Plaintiff, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| BOROUGH OF PALMYRA, et al., | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM and ORDER

## March 30, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Rec. Doc. 32) which recommends that the Motion to Dismiss (the "Motion") filed by Defendants Borough of Palmyra (the "Borough"), Stanley J. Jasinski, Jr. ("Jasinski"), James B. Hunt ("Hunt"), and Peter J. Matthews ("Matthews"), (Rec. Doc. 15), be granted in part and denied in part. No objections to the R&R have been filed.[1] For the reasons set forth below, the Court will adopt in part and reject in part the R&R.

I. STANDARD OF REVIEW

---

[1] Objections were due by March 23, 2009. To this date, none have been filed.

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Raymond U. Brandt filed a *pro se* Complaint against five Defendants[2] arising from a fire that started at his place of residence. The instant

---

[2] The named Defendants are the Borough of Palmyra; Stanley J. Jasinski, Jr., Chief of the Palmyra Police Department; James B. Hunt, Lieutenant in the Palmyra Police Department; Peter J. Matthews, officer of the Palmyra Police Department; and David C. Williams, captain of the Palmyra Fire Station. (Rec. Doc. 1).

Motion was filed on August 11, 2008. Through an exhaustive R&R dated March 5, 2009, Magistrate Judge Blewitt recommended that we grant in part and deny in part the Motion.[3]

As we have already mentioned, the Plaintiff has failed to file objections to this R&R. We agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R relative to all claims except the assault and battery claims involving Defendant Matthews, which we will address below. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge as to the claims with which we agree; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of those issues.

**STANDARD OF REVIEW:**

---

[3] More specifically, Magistrate Judge Blewitt recommended as follows: (I) the dismissal of all claims against Defendants Jasinski and Hunt; (II) the dismissal of all claims against Defendant Matthews except Plaintiff's § 1983 Fourth Amendment excessive force claim and his state law claims of malicious prosecution, intentional infliction of emotional distress, assault, and battery; (III) the dismissal of all claims against Defendant Borough except the Monell claim involving Defendant Matthew's alleged use of excessive force; (IV) the dismissal of all claims against the Borough Police Department and the Borough Council, insofar as the Complaint can be read to allege such claims; (V) that all claims for punitive damages be dismissed against the Borough and the individual Defendants in their official capacities; (VI) that all claims for monetary damages against the individual Defendants in their official capacities be dismissed; (VII) that Plaintiff be permitted to proceed with his request for declaratory relief; and (VIII) that the case be recommitted to the Magistrate Judge for further proceedings. (Rec. Doc. 32 pp. 42-43).

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Id. at 1965. A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief", and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232 (citing Twombly, 127 S. Ct. at 1965 n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965, 1969 n.8. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965 n. 3).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

**DISCUSSION:**

As aforementioned, the Magistrate Judge recommended that we deny

the instant Motion insofar as it relates to the assault and battery claim lodged against Defendant Matthews. However, while the Magistrate Judge provided a thorough analysis of the other claims subject to the Motion, his analysis of the excessive force, state malicious prosecution, assault, and battery claims against Defendant Matthews was not particularly pellucid. Therefore, we will take the time to clarify those issues.

A.   **FOURTH AMENDMENT EXCESSIVE FORCE CLAIM**

Plaintiff claims that Defendant Matthews violated his Fourth Amendment rights to be free from unlawful searches and seizures by using excessive force in arresting him. An excessive force claim under the Fourth Amendment requires that the police act "through means intentionally applied" to secure physical control of the plaintiff. Brice v. City of Inyo, 489 U.S. 593, 597 (1989) (stating that, "The Fourth Amendment addresses 'misuse of power' . . . not the accidental effects of otherwise lawful government conduct." (citation omitted)). In considering whether excessive force has been used, factors to be considered include ". . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Conner, 490 U.S. 386, 394 (1989). Additional factors include "the possibility that the persons subject to the police action are

themselves violent or dangerous, the duration of the action, whether the actions take place in the context of an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Rivas v. City of Passaic, 365 F.3d 181, 198 (3d Cir. 2004) (quoting Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997)).

In the instant case, and accepting Plaintiff's allegations as true as we must at this stage, while the Plaintiff was charged with a non-violent crimes (disorderly conduct and interference with emergency personnel), his persistence in spraying water on the fire could have placed others, including police officers, at risk of harm. Plaintiff was not a flight risk; to the contrary, he was determined to remain at the scene of the fire so that he could, in his mind, help extinguish the blaze. Further, Plaintiff was not armed during the incident. In light of these factors, we believe that the Plaintiff has lodged averments from which a reasonable jury could infer that Defendant Matthews violated his Fourth Amendment rights by allegedly throwing the Plaintiff on the ground, kicking him, shoving him, and punching him in an effort to arrest him. (See Compl. ¶ 26). Therefore, we agree with the Magistrate Judge that the Defendants' Motion should be denied with respect to this claim.

### B. STATE LAW MALICIOUS PROSECUTION

Plaintiff's malicious prosecution claim is asserted against Defendant Matthews is based upon the latter's filing of criminal charges (disorderly conduct and interference with emergency personnel) stemming from the events surrounding the fire at Plaintiff's residence. "To sustain a claim for wrongful use of civil proceedings, a plaintiff must prove that the defendant initiated or continued civil proceedings against the plaintiff: (a) without probable cause or in a grossly negligent manner; (b) for an improper purpose; and (c) that those proceedings were terminated in favor of the plaintiff." Morris v. DiPaolo, 930 A.2d 500, 504 (Pa. Super Ct. 2007) (citing Banner v. Miller, 701 A.2d 232, 238 (Pa. Super Ct. 1997)).

As the Magistrate Judge noted in his analysis of Plaintiff's § 1983 malicious prosecution claim, the charges against him were bound over to the Lebanon County Court of Common Pleas for trial, meaning that a state Magisterial District Judge necessarily determined that there existed probable cause as to each charge. One of our esteemed colleagues in the United States District Court for the Eastern District of Pennsylvania has held that such a determination by a local Magisterial District Judge constitutes *"weighty* evidence" that probable cause existed in a similar case. Snell *ex rel.* Snell v. Duffy, 2004 WL 62711, *5 (E.D. Pa. 2004) (Robreno, J) (emphasis added). We are cognizant that such a determination does not necessarily entail the existence of probable cause for purposes of a malicious prosecution

claim. However, under the present circumstances, where the Plaintiff has not lodged any allegations whatsoever that cast doubt upon the existence of probable cause, we conclude that the "weighty evidence" provided by the Magisterial Judge's determination should carry the day. Accordingly, we conclude that Defendant Matthews had probable cause to arrest the Plaintiff and that, consequently, Plaintiff cannot sustain a state malicious prosecution claim. We reject the Magistrate Judge's R&R in this respect. Therefore, we will grant the instant Motion to this extent.

## C.   ASSAULT CLAIM

In Pennsylvania, "assault" is defined as "an act intended to put another in reasonable apprehension of an immediate battery, which succeeds in causing an apprehension of such a battery."[4] DeErrico v. DeFazio, 763 A.2d 424, 431 n.2 (quoting Cucinotti v. Ortmann, 159 A.2d 216, 217 (1960)). Plaintiff has alleged that upon arriving at the scene of the fire, Defendant Matthews observed Plaintiff spraying water onto the fire with a construction water hose. (See Compl. ¶ 25). Matthews allegedly responded by "yelling at [the Plaintiff] to stop." (See id.). Matthews allegedly stated that it was his intention to take the situation "to the next

---

[4] A "battery" is defined as a "harmful or offensive contact" with the person of another. C.C.H v. Philadelphia Phillies, Inc., 940 A.2d 336, 340 (Pa. 2008) (quoting Dalrymple v. Brown, 701 A.2d 164, 170 (1997)).

level" if Plaintiff did not cease his course of conduct, presumably because Matthews believed that Plaintiff's conduct was interfering with the effective operation of the fire fighters and police officers who were at the scene. (See id.). When Plaintiff refused to obey Matthews' admonition, Matthews allegedly followed through on his intention by throwing the Plaintiff to the ground, kicking him, shoving him, and punching him, all of which resulted in Plaintiff sustaining multiple injuries. (See id. ¶ 26).

In the case sub judice, Plaintiff does not explicitly aver that Defendant Matthews' conduct placed him in imminent apprehension of harmful bodily contact. Therefore, in order for this claim to survive a reasonable jury must be able to infer that Plaintiff was placed in such apprehension from the allegations in the Complaint. Even taking Plaintiff's averments in a light most favorable to him, as we must, we do not believe that a reasonable jury could make that inference. The fact that Matthews was yelling at the Plaintiff does not make Matthews liable for assault because "an act intended by the actor as a step toward the infliction of a future contact, which is so recognized by the other person, does not make the actor liable for an assault." RESTATEMENT (SECOND) OF TORTS § 29.[5] Therefore, even if

---

[5] Indeed, oral threats, without any overt act or present ability to carry out the threat, does not constitute assault. See Cucinotti v. Ortmann, 159 A.2d 216, 218 (Pa. 1960); see also Dunkleberger v. Pa. Bd. Probation & Parole, 573 A.2d 1173, 1173 (Pa. Commwlth Ct. 1990).

Plaintiff recognized that the yelling was a step in the process that would ultimately culminate in an assault, the yelling itself does not make Defendant liable for that assault.

Further, Plaintiff has made no allegations as to his position relative to Defendant Matthews at the time of the incident. Accordingly, it is possible that, in converging on Plaintiff in preparation for the putative assault, Defendant Matthews approached from an angle that prevented Plaintiff from perceiving his advancement. In such a situation, Plaintiff would not have been in a position to apprehend any threat that Defendant Matthews posed to him.[6] The Complaint is absolutely bereft of any allegations that impugn this possibility. Indeed, determining the locations of Plaintiff and Defendant Matthews, in general, and whether the Plaintiff apprehended immediate physical harm, in particular, would require a jury to engage in rank speculation. Accordingly, in light of the incertitude engendered by the Complaint, we conclude that the Plaintiff has not established a right to relief on his assault claim. We will therefore grant the instant Motion in this regard.

---

[6] Additionally, in such a situation, even if Matthews' yelling contained a threat, Plaintiff would not have been in a position such that he was aware that Matthews was capable of following through on that threat.

## D. BATTERY CLAIM

With respect to Plaintiff's battery claim, all he need allege is that Defendant Matthews intended to inflict bodily harm upon him and that such harm occurred. It is alleged that Defendant Matthews intended to take the situation "to the next level" if Plaintiff did not cease spraying water on the fire. (See Compl. ¶ 25). It is further alleged that Defendant responded to Plaintiff's recalcitrance by shoving, punching, and kicking him, all of which resulted in multiple injuries. (See id. ¶¶ 25-26). Since intent can be inferred from the logical consequences of one's actions,[7] we believe that these averments are sufficient for a reasonable jury to infer that Defendant Matthews intended to inflict bodily harm upon the Plaintiff. Accordingly, we will deny the instant Motion in this regard.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Rec. Doc. 32) is **ADOPTED IN PART** and **REJECTED IN PART** to the following extent:

---

[7] See Commonwealth v. MacCullum, 602 A.2d 313 (Pa. 1992) (for the proposition that a person generally intends that consequences of his actions).

    a.    The R&R is **REJECTED** with relation to Plaintiff's state malicious prosecution and assault claims as asserted against Defendant Matthews.

    b.    The R&R is **ADOPTED** in all other respects.

2. The Defendants' Motion to Dismiss (Rec. Doc. 15) is **GRANTED IN PART** and **DENIED IN PART** to the following extent:

    a.    The Motion is **GRANTED** with respect to all claims against Defendants Jasinski and Hunt;

    b.    The Motion is **GRANTED** with respect to all claims against Defendant Matthews except for the following: Plaintiff's Fourth Amendment excessive force claim, battery claim, and intentional infliction fo emotional distress claim;

    c.    The Motion is **GRANTED** with respect to all claims against Defendant Borough except Plaintiff's Fourth Amendment excessive force claim;

    d.    To the extent that the Complaint can be read as alleging claims against the Borough Police Department and Borough Council,

the Motion is **GRANTED** as to all claims against those Defendants;

e. The Motion is **GRANTED** with regard to all punitive damages sought against Defendant Borough;

f. The Motion is **GRANTED** with regard to all claims against the individual Defendants in their official capacities;

g. The Motion is **DENIED** with respect to all other claims.

3. Defendants Jasinksi and Hunt are **DISMISSED** from this case without prejudice.

4. This case shall be **REMANDED** to Magistrate Judge Blewitt for further pretrial proceedings.

/s/ John E. Jones III
John E. Jones III
United States District Judge