IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RAYMOND U. BRANDT, | : | 4:08-CV-677 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| BOROUGH OF PALMYRA, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

### December 21, 2009

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 69), filed on November 30, 2009. The R&R recommends that this action be dismissed, pursuant to F.R.C.P. 41(b), due to Plaintiff's repeated failures to prosecute this case. Plaintiff Raymond U. Brandt ("Plaintiff") filed objections to the R&R on December 15, 2009. (Doc. 70). The remaining Defendants have not filed objections, and the time frame for such filings has passed. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R in its entirety and this action shall be dismissed.

1

## I. PROCEDURAL AND FACTUAL BACKGROUND

As the parties to this matter are well aware, this case involves a lengthy and meandering procedural history, which largely involves the repeated failures of Plaintiff to abide by deadlines and filing dates, thus we shall not undertake to reiterate the same here. Instead we shall refer the reader to the fulsome summary as set forth by Magistrate Judge Carlson in the R&R.[1] The factual background that gave rise to this action, filed on April 10, 2008, involves a fire at Plaintiff's home in Palmyra, Pennsylvania. Plaintiff alleges that while his house was on fire, he attempted to extinguish the fire with a hose, and that he was assaulted by members of the Palmyra Police Department when he did not cease from spraying the fire with a hose. (Doc. 1). Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified

---

[1] Specifically, see pages 1 through 7 of the R&R. (Doc. 69). For the convenience of the reader, a copy of the R&R is attached hereto.

2

proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

### A. RECOMMENDATION OF MAGISTRATE JUDGE CARLSON

Magistrate Judge Carlson recommends that this action be dismissed pursuant to F.R.C.P. 41(b), which states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." It is within the discretion of the Court whether to dismiss an action pursuant to F.R.C.P. 41(b), however the Court's discretion are informed by factors, commonly referred to as the *Poulis* factors. Those factors are:

1) the extent of the party's personal responsibility;

2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

3

3) a history of dilatoriness;

4) whether the conduct of the party or the attorney was willful or in bad faith;

5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Magistrate Judge Carlson engaged in a thorough analysis of the Poulis factors, noting in particular the Plaintiff's personal responsibility in failing to abide by Orders and deadlines and the Plaintiff's history of dilatoriness. Magistrate Judge Carlson also notes case law in this Circuit that favor dismissal over other types of sanctions in cases, like the case *sub judice*, with *pro se* litigants who do not comply with the rules or court Orders. *See Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2000). Ultimately, Magistrate Judge Carlson recommends dismissal of this action after application of the *Poulis* factors.

**B.   PLAINTIFF'S OBJECTION**

Plaintiff's objections do not directly address any portion of Magistrate Judge Carlson's R&R, but are construed by the court as an objection to the ultimate

recommendation of dismissal. Plaintiff does not provide the Court with any information that might change the outcome of the *Poulis*-factors analysis. While Plaintiff laments that he "never intended to commit prejudice against any of the defendants," (Doc. 70, p. 9), he did in fact prejudice the Defendants' ability to litigate this case by his dilatory conduct and failure to comply with multiple orders of the Court over the span of nearly a year and a half. Thus, because the Plaintiff has provided us with no reason to disturb the recommendation of Magistrate Judge Carlson, we shall overrule the objections.

## V. CONCLUSION

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule the Defendant's objection and adopt the R&R in its entirety.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND U. BRANDT, | : | CIVIL NO. 4:08-CV-677 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| BOROUGH OF PALMYRA, et al. | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Introduction

This case is a civil rights action which has been plagued by repeated delays attributable to the plaintiff, who has failed to comply with multiple orders of this Court directing him to prosecute this action, and obey judicially-mandated deadlines. For the reasons set forth below, we recommend that this 18-month course of dilatory conduct, which now includes failures to abide by no fewer than six court orders entered during the past three months directing the plaintiff to take specific action to prosecute this case, now compels dismissal of this action.

### II. Statement of Facts and of The Case

On April 10, 2008, the plaintiff, acting *pro se*, filed this action. (Doc. 1.) In his complaint, the plaintiff initially sought to sue five defendants on an array of legal

1

theories arising out of a law enforcement encounter which allegedly occurred as police and fire officials were attempting to combat a fire at the Plaintiff's residence (*Id.*) At the time that Brandt commenced this action, he received from this Court a copy of the Court's Standing Practice Order, which warned Brandt in clear and precise terms of his obligations to comply with the rules and directions of the Court, and notified Brandt that one consequence of a failure to comply could be dismissal of this action. (Doc. 2.)

Notwithstanding this notice from the Court, Brandt has repeatedly engaged in dilatory conduct in this course of this litigation. Thus, when Brandt failed to timely serve the defendants in this case with copies of this complaint, the Court was compelled in June 2008 to enter an order directing Brandt to cure this defect, and provide a status report on service in this case. (Doc. 3.)

Even after Brandt belatedly made service of the complaint in July 2008, (Doc. 6), this litigation continued to experience delays caused by the Plaintiff. For example, when the defendants filed motions to dismiss this action (Docs. 12 and 15), Brandt responded by seeking three separate continuances in this case. (Docs. 17, 19, and 21). These extension requests came at, or near, filing deadlines previously imposed by the Court. Ultimately, Brandt filed a response to these motions to dismiss on October 3, 2008, one day <u>after</u> the response deadline set by the Court. (Docs. 23-25.)

While these motions to dismiss were pending, Brandt continued to fail to abide by the scheduling requirements set by this Court. Thus, on November 4, 2008, this Court was compelled to strike a motion filed by Brandt after he neglected to comply with the motion briefing requirements prescribed by Local Rule 7.5. (Doc. 29.)

In January and March 2009, Magistrate Judge Blewitt issued reports and recommendations calling for the dismissal of most of Brandt' claims. (Docs. 31 and 32.) After Brandt neglected to lodge any objections to these reports, the district court entered orders dismissing many of the claims initially filed by the Plaintiff. (Docs. 33-35.)

In April 2009, a summons was issued for the remaining Defendants in this action. (Doc. 35.) After two months elapsed without any apparent action by the Plaintiff to serve his amended complaint, the Court was compelled in June 2009, once again, to enter an order directing Brandt to file a status report in this case. (Doc. 42.)

In August 2009, this matter was reassigned to this court from United States Magistrate Judge Thomas Blewitt for further proceedings. (Doc. 48.) Prior to the entry of this reassignment order, Magistrate Judge Blewitt scheduled a Case Management Conference in this case for August 31, 2009 at 2:00 p.m. In his order scheduling this conference, Magistrate Judge Blewitt advised the parties of their need to confer, and to submit a Joint Case Management Plan in accordance with Local

Rule 16.3 prior to the scheduled conference. (Doc. 47.) Following the reassignment of this case, this Court entered an Order confirming the time and date of this conference, and reminding the parties of their need to confer and prepare a Joint Case Management Plan prior to the Case Management Conference. (Doc. 49.)

On August 28, 2009, counsel for the Defendants filed a partial Case Management Plan in this matter, stating that the Case Management Plan was incomplete because "Plaintiff's counsel has not made himself available for a conference nor submitted any information to supplement this 'Joint' Case Management Plan." (Doc. 52.) On August 31 and September 15, 2009, we entered two additional orders directing the Plaintiff to file a completed Case Management Plan in this matter, and setting a deadline of September 22, 2009, for the completion of this effort. (Docs. 53 and 54.) The Plaintiff then filed a plan which indicated in paragraph 10 that the plaintiff's counsel would be filing an uncontested motion to withdraw. (Doc. 55.)

In order to ensure the orderly litigation of this case, and the timely substitution of counsel in this matter, on September 23, 2009, we entered an order that directed the Plaintiff to take specific steps to ensure that this case progressed promptly. (Doc. 59.) In particular we instructed the plaintiff to take the following basic steps: First, Plaintiff's counsel was ordered to file a motion to withdraw on or before October 7,

4

2009. Second, if the Plaintiff intended to secure other counsel, that counsel was ordered to enter an appearance in this case on or before October 23, 2009. Third, if the Plaintiff intended to proceed *pro se*, the Plaintiff was instructed to notify the Court in writing of his election to represent himself on or before October 23, 2009. Fourth, the Plaintiff was also ordered to continue to meet his discovery obligations and provide the Defendant with a response to the outstanding Interrogatories and Request for Production of Documents described in paragraph 6 of the Case Management Plan, on or before, October 23, 2009.

Finally, this September 23, 2009 order advised the Plaintiff in clear and precise terms that: "The Plaintiff and his counsel are placed on notice that any further unexcused failure to comply with the directions of the Court may result in additional action, including, but not limited to, dismissal of this action for failure to prosecute."(*Id.*) Because this order placed obligations on the Plaintiff a copy of the order was served directly upon the Plaintiff, to avoid any further unnecessary delay in this litigation.

Despite this explicit warning, the Plaintiff did not comply with the deadlines prescribed by this Court. Thus, the October 23 deadlines elapsed without any action by the Plaintiff to obey these court-ordered deadlines. Instead, on October 23, the Plaintiff, *pro se*, simply moved to further continue these deadlines. (Doc. 62.) On

October 28, 2009, we addressed this motion in an order which denied this general continuance request. Instead, we directed the Plaintiff as follows: " To the extent Plaintiff is seeking a continuance of his obligation to comply with the Court's order directing him to provide responses to Defendant's discovery request by October 23, 2009, Plaintiff shall file a motion requesting such relief not later than Tuesday, November 3, 2009, and shall provide an explanation for why an extension of time is necessary or warranted." (Doc. 63.)

On November 3, the Plaintiff, *pro se*, responded to this order with another continuance request, which in its entirety reads as follows:

> Ex-counsel has withdrawn from case matter. Ex-counsel has not responded to case matter in a professional manner leaving plaintiff without counsel. WHEREFORE, Plaintiff Respectfully prays that this Honorable Court will allow Plaintiff reasonable time to seek new counsel to go forward with this matter jurisdiction.

(Doc. 64.)

Given the history of dilatory conduct in this case, the Court entered an order on November 9, 2009 (Doc. 65), which stated in part as follows:

> This case, which was filed by the plaintiff, has now been pending for sixteen months. Since August 2009, this court has entered no less than five orders directing the plaintiff to take specific actions in this case. (Docs. 49, 53, 54, 59, and 63.) To date the plaintiff has not complied with any of these court directives, beyond filing requests for additional time. Moreover, the current request of the plaintiff comes before this court six weeks after the court placed the plaintiff on notice of his need to secure counsel and comply with his discovery obligations.

> Given the history of non-compliance with prior court orders, this court cannot authorize yet another open-ended continuance of these proceedings. Therefore, the plaintiff's motion for extension of time is DENIED, as filed. Instead, the plaintiff is directed as follows:
>
> 1. The plaintiff is **ORDERED** to comply with all prior orders of this court by: Retaining counsel or informing the court that he will proceed *pro se*; and fully complying with all outstanding discovery requests no later than **November 23, 2009.**
>
> Failure to comply with this Order will compel the court to dismiss this case without further notice.
>
> The Clerk is directed to mail a copy of this Order directly to the Plaintiff since the order places responsibilities on this Plaintiff.

We have now been notified by the Defendants that this latest deadline has also passed without any compliance by the Plaintiff with this Court's orders. (Docs. 66 and 67.)

### III. Discussion

#### A. Brandt's Repeated Failures to Prosecute This Case Compels Dismissal of this Action

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not

7

be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson*, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor,

the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff, who has persistently failed to abide by court deadlines, despite receiving no fewer than six orders in the past three months directing him to take specific actions in this case. (Docs. 49, 53, 54, 59, 63 and 65.)

Similarly, the second *Poulis* factor--the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery–also calls for dismissal of this action. The Plaintiff's repeated failures to abide by discovery and litigation deadlines have wholly frustrated the defense in their preparations in this case, and have now delayed the resolution of this action for more than one year. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007)(failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007)(failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007)(failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third *Poulis* factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate. In truth, the Plaintiff has been dilatory at every stage of these proceedings over the past eighteen months, repeatedly failing to timely serve pleadings, to timely respond to

motions, to timely comply with orders, and to meet discovery timetables prescribed by the Court.

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions set forth in six separate orders filed in the past three months directing the Plaintiff to take specific actions in this case, (Docs. 49, 53, 54, 59, 63 and 65), the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008); *Emerson*, 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering six different orders since August, counseling the Plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The Plaintiff still declines to obey

court orders, refuses to comply with the court-imposed discovery timetable, and otherwise blatantly ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under *Poulis* we are cautioned to consider a final factor, the meritoriousness of the plaintiff's claims. In our view, consideration of this factor cannot save the Plaintiff's case from dismissal. We know that the bulk of the Plaintiff's claims were found to be meritless at the outset of this litigation, since they were disposed of through a motion to dismiss. We also know from the case management plan filed by the Defendants, after the Plaintiff failed to cooperate in the case management plan process, that the Defendants believed that the case would be subject to a dispositive summary judgment motion once Brandt complied with the outstanding discovery requests. (Doc. 52.) Thus, Brandt's continuing non-compliance with court orders and discovery obligations has delayed the process of making a final evaluation of the merits of this complaint, beyond the preliminary evaluation that most of Brandt's claims failed as a matter of law. In these circumstances, it cannot be said that the claims advanced by Brandt have sufficient merit to overcome the other *Poulis* factors, all of which call for dismissal of this case.

### IV.   **Recommendation**

11

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

---

[1] Given the Plaintiff's repeated failures to comply with prior court orders, failures which span the past 18 months, and our previous November 9 admonition to the Plaintiff that any further failure to comply with the November 23, 2009 deadline set by the Court would "compel the court to dismiss this case without further notice," (Doc. 65), we are submitting this report and recommendation at this time without awaiting any further submission by the Plaintiff. Indeed, given our prior explicit warning to the Plaintiff in our November 9 order that any additional defaults would "compel the court to dismiss this case without further notice", we believe that it would be inappropriate to extend yet another opportunity for delay to the Plaintiff. However, we note that the Plaintiff, who has prejudiced the Defendants over the past year and a half by his refusal to comply with Court orders, will not himself be unfairly prejudiced by this course of action since the Plaintiff will have the opportunity to lodge objections to the report and recommendation providing whatever justification he possesses for his ongoing failure to abide by court orders.

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of November, 2009.

*S/Martin C. Carlson*
**United States Magistrate Judge**
